UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

KEITH COOPER, individually on behalf of )
himself and all others similarly situated )
           Plaintiff, )
  )
           vs. )
MIDLAND CREDIT MANAGEMENT, INC. )
           Defendant. )
  )

Case No.:

CLASS ACTION COMPLAINT
AND JURY DEMAND

Plaintiff, Keith Cooper, ("Plaintiff"), individually on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against Midland Credit Management (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1.       This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter "FDCPA" or "the Act"), which prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices. Such collection practices include, *inter alia,* Defendant's deceptive, misleading and unfair conduct in a written collection letter to the Plaintiff on a time-barred debt in violation of 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. S 1692e(10), and 15 U.S.C. 1692f.

2.       The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found that the Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive and unfair debt collection practices by many debt collectors which contributed to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices

by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

3.      The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation.  The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer."

4.      To prohibit deceptive practices, the FDCPA at 15 U.S.C. § 1692e outlaws the use of false, deceptive and/or misleading representations in connection with the collection of any debt and sets forth a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct.  15 U.S.C. § 1692e(1)-(16).  Among these *per se* violations prohibited by that section are:  false representations as to the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); and the use of any false representation or deceptive means to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).  The FDCPA further prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f.

5.      The Plaintiff, individually on behalf of himself and on behalf of all others similarly situated, seeks actual damages, statutory damages, attorneys' fees and costs and all other relief, legal or equitable in nature, as deemed appropriate by the Court, pursuant to the FDCPA and all other common or statutory law.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d).

7.      Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

8.      Plaintiff Keith Cooper is a natural person, who at all relevant times has resided in the city Cataula, State of Georgia, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.      Defendant is a business entity located in California that is doing business in Georgia, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).  Defendant also uses the instrumentalities of interstate commerce, including mail, as a business with the principle purpose of collecting debts and/or regularly attempting to collect debts owed or asserted to be owed to another.

## CLASS ACTION ALLEGATIONS

10.     Plaintiff repeats and realleges the prior allegations as if fully set forth herein.

11.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure Rule 23, individually on behalf of himself and all persons/consumers similarly situated, along with their successors-in-interest, who reside in the State of Georgia and have received within one (1) year from the date of Plaintiff's Complaint similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, 15 U.S.C. § 1692, *et seq.*  Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

12.    On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate the FDCPA, 15 U.S.C. § 1692, *et seq.*

13.    This Class satisfies all the requirements of Fed. R. Civ. P. Rule 23 for maintaining a class action.

14.    The Class is so numerous that joinder of all members is impracticable. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate the FDCPA, 15 U.S.C. § 1692, *et seq.*

15.    The debt collection notices/letters/communications received by the Class from the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

16.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) whether Defendant violated the FDCPA § 1692, *et seq.*; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

17.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

18.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692k.

19.     The members of the Class have claims which are unlikely to be vindicated in the absence of a class action.

20.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

21.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

22.     Plaintiff will fairly and adequately represent the Class Members' interests, in that the Plaintiff' counsel is qualified and experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

23.     Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's wrongful conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

24.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate any final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL STATEMENT

25.    Plaintiff repeats and realleges the prior allegations as if fully set forth herein.

26.    Upon information and belief, on a date better known to Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

27.    The alleged debt upon which Defendant sought collection from Plaintiff originated with Credit One Bank, N.A.  Upon information and belief, the debt accrued from the use of a revolving line of credit in which Plaintiff made various purchases over a period of time for personal use.  As the debt accrued from purchases made for Plaintiff's personal use, same is a debt as defined by 15 U.S.C. §1692(a)(5).

28.    Defendant sent a collection letter to Plaintiff ("The Collection Letter"), dated May 24, 2017 in an attempt to collect the alleged debt.  A copy of the collection letter is attached hereto as Exhibit A.  The bottom of the first page of the letter stated: "(t)he law limits how long you can be sued on a debt and how long a debt can appear on your credit report.  Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau".

29.    The Collection Letter also contained a page that indicated that the alleged debt was charged off on May 12, 2011.

30.    The Collection Letter offered three "Available Payment Options."  Option one (1) was for a payment of 40% off.  Option two (2) was for 20% off with payments over 6 months.  Option three (3) was for "monthly payments as low as $50 per month."

31.    The Collection Letter, although indicating it would not sue Plaintiff due to the age of the debt, did not indicate that making a partial payment, i.e. taking advantage of any of the

settlement options, would potentially re-start the statute of limitations on the debt under Georgia law, sections 9-3-110, 9-3-112 and 9-3-113.[1]

32.    Stated differently, Defendant's Collection Letter to Plaintiff is misleading and deceptive since it fails to advise Plaintiff that if he takes advantage of any of the payment options, such payment(s) would be a new promise to pay that would restart the statute of limitations clock in Georgia thus exposing him to a potential lawsuit to which he would not otherwise be exposed.  Effectively, if he takes advantage of any of the options, he is in a worse position than if he had done nothing.

33.    As such, Defendant's actions with respect to Plaintiff violate the FDCPA, and he has been damaged and is entitled to relief.

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A) and 15 U.S.C. §1692e(10)

34.    Plaintiff repeats and realleges the prior allegations as if set forth specifically herein.

35.    The Collection Letter fails to advise that making a partial payment may constitute a "new promise" that will re-start the statute of limitations clock in Georgia, which had previously expired, thus exposing Plaintiff to a new lawsuit.  In particular, Title 9, Chapter 3, Article 6, §9-3-110 of the Georgia code provides as follows:

> "A new promise, in order to renew a right of action already barred or to constitute a point from which the limitation shall commence running on a right of action not yet

---

[1]  The statute of limitations on credit card debt in Georgia is 6 years. OCGA 9-3-24. Since the Collection Letter indicates a charge-off date of May 2011, the date of delinquency, i.e. when the cause of action accrued, would be six months earlier, or December 2010.  The statute of limitations for suit would therefore expire in December 2016, which is prior to the Collection Letter.  As such, the debt was legally unenforceable as of the date of the Collection Letter.

barred, shall be in writing, either in the party's own handwriting or subscribed by him or someone authorized by him."

36.     Georgia Code Title 9, Chapter 3, Article 9, §9-3-112, defines a "new promise" to pay as follows:

> "A payment entered upon a written evidence of debt by the debtor or upon any other written acknowledgment of the existing liability shall be equivalent to a new promise to pay."

37.     As such, a payment or partial payment made on an otherwise time-barred debt, as in this case, could therefore be a "written acknowledgement of the existing liability" and a "new promise" to pay that could re-start the statute of limitations.

38.     The Collection Letter's failure to include language about the effect of a partial payment under Georgia law, i.e. that it would constitute a new promise to pay and potentially re-start the statute of limitations anew, puts an unsophisticated consumer, i.e. Plaintiff, into a difficult position.  The consumer is enticed by the prospect of saving a great deal of money on a debt but not advised that by making a payment, he will be re-starting the statute of limitations that could subject him to a future lawsuit for which he previously had an absolute defense.

39.     With respect to Plaintiff, this omission is a deceptive means used in connection with the collection of a debt in violation of 15 U.S.C. §1692e. The omission is also a violation of 15 U.S.C. §1692e(2)(A) since it misrepresents the character or legal status of the debt since it fails to advise that making a payment changes the legal status of the debt under Georgia law from unenforceable to enforceable.

40.     Defendant's conduct also constitutes a violation of 15 U.S.C. §1692e(10) as the use of a deceptive means to collect or attempt to collect any debt, i.e. failing to advise Plaintiff that a payment will constitute a new promise to pay that could re-start the statute of limitations

clock, thus exposing him to a potential lawsuit that he would not have previously been exposed to.

41.    Defendant's conduct was knowing and willful. As a result of the foregoing, Plaintiff has been damaged and is entitled to relief.

## JURY TRIAL DEMAND

42.    Plaintiff demands a trial by jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, individually on behalf of himself and all others similarly situated, respectfully requests that this Court enter judgment against the Defendant for the following:

A.    Certifying the Class as described above pursuant to Fed. R. Civ. P. 23(b)(3);

B.    Declaring the Defendant's actions as described above to be in violation of the FDCPA;

C.    An award of actual damages for the Plaintiff and all Class Members pursuant to 15 U.S.C. § 1692k(a)(1);

D.    An award of statutory damages for the Plaintiff and all Class Members pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

E.    An award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

F.    Enjoining Defendant from further violations of the FDCPA through the use of similar collection letters;

G.    Such other and further relief as the Court may deem just and equitable.

Dated this 1st day of May 2018:

Respectfully Submitted,

Tristan W. Gillespie Esq.
The Gillespie Law Firm LLC
5150 Cottage Farm Rd.
Johns Creek, GA 30022
Phone: 404-984-8260
Email: Gillespie.tristan@gmail.com

Of Counsel to the Firm:
Law Offices of Michael Lupolover P.C.
120 Sylvan Avenue, Suite 303
Englewood Cliffs, NJ 07632
(T) 201-461-0059
(F) 201-608-7116