```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION
```

KEITH COOPER,                         *

    Plaintiff,                    *

vs.                                   *
                                           CASE NO. 4:18-CV-82 (CDL)
MIDLAND CREDIT MANAGEMENT,            *
INC.,
                                      *
    Defendant.
                                      *

## O R D E R

The Court granted Defendant's motion to dismiss because the Court concluded that Plaintiff had not adequately alleged a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. *See generally Cooper v. Midland Credit Mgmt., Inc.*, No. 4:18-CV-82 (CDL), 2018 WL 6517448 (M.D. Ga. Dec. 11, 2018). Plaintiff filed a motion for reconsideration, which is denied.

Because final judgment has been entered, Plaintiff's motion is properly characterized as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) (construing a post-judgment motion for reconsideration as a Rule 59 motion to alter or amend the judgment). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *In re Kellogg*,

197 F.3d 116, 119 (11th Cir. 1999)). Importantly, such motions cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).

Here, the Court found that Defendant's collection letter to Plaintiff contained a promise not to sue Plaintiff because of the age of his debt. The Court further found that Plaintiff did not allege any facts to suggest that Defendant would disregard its promise not to sue, so the letter was not misleading. Plaintiff argues that when the disclosure language is read in its entirety, it does not contain a promise not to sue. This argument mirrors Plaintiff's response to the motion to dismiss, where he urged the Court to reject Defendant's argument that the "will not sue" language is not misleading. In ruling on the motion to dismiss, the Court studied the letter's disclosure language in its entirety and considered the parties' arguments regarding the implications of the disclosure language. The Court is satisfied that it made no manifest errors of law or fact. Therefore, the Court denies Plaintiff's motion for reconsideration (ECF No. 18).

IT IS SO ORDERED, this 28th day of December, 2018.

S/Clay D. Land  
―――――――――――――――――――  
CLAY D. LAND  
CHIEF U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA